Leletta **OTTMAN,** Plaintiff,

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. CIV.A. 3:03–CV–0217.**

United States District Court, N.D. Indiana, South Bend Division.

May 6, 2004.

Carter Zerbe PHV, Charleston, WV, for Plaintiff.

Clifford D. Johnson, South Bend, IN, for Defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This matter is before the Court on Plaintiff's application for attorney fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a),(d). In the underlying action, Plaintiff sought judicial review of the final decision of the Commissioner of Social Security ("Commissioner") which denied her application for disability insurance benefits. On or about February 17, 2004, this Court remanded the case for further proceedings. Then, on or about March 2, 2004, the Commissioner filed a motion to alter or amend that judgment, not to contest the Court's decision, but rather, to ask the Court for clarification on its instructions to remand. On March 3, 2004, the Court issued a second memorandum and order addressing the Commissioner's concerns.

Plaintiff filed an application for attorney fees and expenses under the EAJA on March 17, 2004, seeking an award of $4,944.50 for 34.1 hours of attorney services at $145.00 per hour. The Commissioner argues that Plaintiff's application for attorney fees should be denied based on the fact that the government's position was substantially justified.

The EAJA provides in relevant part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Under the EAJA, the government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 559, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The Supreme Court specifically noted: "[T]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified. Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." *Pierce*, 487 U.S. at 569, 108 S.Ct. 2541. Thus, a district court at the EAJA stage must take

a fresh look at the case from an EAJA perspective, and reach a judgment independent from its merits decision. *See Federal Election Comm'n v. Rose*, 806 F.2d 1081, 1087–90 (D.C.Cir.1986).

In assessing whether the government's position was substantially justified, a reviewing court must look at the whole of the Commissioner's position, which includes both the government's pre-litigation conduct and its litigating position, and make only one threshold determination regarding substantial justification for the entire civil action. *See, Comm'r INS v. Jean*, 496 U.S. 154 159, 162, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); *see also Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir.1996). The government carries the burden of proving that its position met this standard. *See Marcus v. Shalala*, 17 F.3d 1033, 1038 (7th Cir.1994).

In the instant case, this Court remanded this matter on the ground that the administrative law judge ("ALJ") did not sufficiently analyze or provide a mental functional residual capacity finding that took into account his earlier finding that Ms. Ottman "often" had deficiencies in concentration, persistence, and pace. The Court remanded the case with instructions for the ALJ, not to include his exact "B" criteria findings into his RFC, but to provide a mental functional residual capacity finding that takes into account his earlier finding that Ms. Ottman "frequently" or "often" had deficiencies in concentration, persistence, and pace.

The fact that this Court remanded this case on the narrow basis of the ALJ's insufficient articulation, and did not award benefits, as well as the fact that this Court found in favor of the Commissioner with respect to Ms. Ottman's other arguments set forth in her brief, demonstrates that the Commissioner's position met the EAJA standard of substantial justification. Therefore, Plaintiff's request for an award

of fees and costs pursuant to the EAJA is **DENIED.**

**IT IS SO ORDERED.**